No. 72

### JACKSON v. CLEVE. RY. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5324. Decided Dec. 1, 1924

1028. RES IPSA LOQUITUR—Existence of danger on a street car, without knowledge of the company, does not raise the doctrine.

## STATE COURT OF APPEALS—Continued

PER CURIAM.
Epitomized Opinion
Published only in Ohio Law Abstract

This case was begun in the Cuyahoga Common Pleas, in which Marilla Jackson sued the Cleveland Railway Co. for an injury sustained by her as she was leaving a car of the defendant company. The evidence showed that she had slipped on a banana peel that someone had thrown on the floor of the car. There was no evidence, however, to show that the Cleveland Railway Co. had knowledge, constructive or otherwise, of the banana peel being there; and on motion a verdict was directed in favor of the Railway Co.

In the affirmance of the lower court's judgment the Court of Appeals held:

1. There was no evidence which showed negligence on part of the Railway Co.

2. Mere fact that banana peel was on the floor does not raise doctrine of res ipsa loquitur.

Attorneys—W. J. Corrigan, for Jackson; Squire, Sanders & Dempsey, for Railway Co., all of Cleveland.